IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MAURICE BROWN                                                                                  PETITIONER

VS.                                                          CIVIL ACTION NO. 3:18cv805-DPJ-FKB

WARDEN JOE ERRINGTON                                                              RESPONDENT

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION AND HISTORY

Maurice Brown, a Mississippi state prisoner, filed this action seeking federal habeas relief pursuant to 28 U.S.C. § 2254.  The undersigned recommends that Brown's petition be denied.

Mattie Moore, a neighborhood "candy lady," sold candy, chips, and drinks out of her home in Jackson, Mississippi.  On the morning of July 30, 2015, two men entered Moore's home for the purpose of robbing her.  Ms. Moore, who was 80 years old and legally blind, called out to her granddaughter, Cheramie Moore, who lived with her.  Cheramie, a nurse, had worked a night shift and was asleep.  When Cheramie heard her grandmother's shouts and got out of bed, she was met at the door of her bedroom by one of the men, whom she later identified as Maurice Brown.  Brown, who was wielding a shotgun, demanded money.  Cheramie retrieved approximately $100 from a drawer and gave it to him.  The men also then took from Mattie Moore a cigar box that she used to make change.  Brown was tried and convicted in the Circuit Court of Hinds County of armed robbery and sentenced to 27 years imprisonment.

Brown appealed, raising as his sole issue the sufficiency of the evidence.  The Mississippi Supreme Court affirmed.  *Brown v. State*, 235 So. 3d 1399 (Miss. 2017).

Brown subsequently filed a petition for post-conviction relief, raising a claim of ineffective assistance of counsel for failure to seek dismissal based upon denial of Brown's right to a speedy trial. The supreme court denied relief by order dated October 23, 2018. [8-7] at 2.

Brown then filed for relief in this court, alleging the following ground for relief, as stated by him in the petition:

> That [Brown's] conviction and sentence was obtained in violation of the United States Constitutional Rights to Due Process of Law, Speedy Trial, and Effective Assistance of Counsel during trial and the direct appeal.

[1] at 3.

## II.  ANALYSIS

To the extent that Brown is attempting to assert a free-standing claim for violation of his right to a speedy trial or a claim of ineffective assistance of appellate counsel, those claims have been defaulted. Brown has never presented those claims to the Mississippi Supreme Court, and he would now be barred from doing so. Thus any such claims are now procedurally barred pursuant to *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Brown's claim of ineffective assistance of trial counsel was adjudicated on the merits by the state court. Therefore, this court's review is subject to the highly deferential standard set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of the claim involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States"

2

or "an unreasonable determination of the facts" in light of the evidence presented to the state court. 28 U.S. C. § 2254(d). The Supreme Court has repeatedly emphasized that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect but also "objectively unreasonable." *Id.* at 409. Under this deferential standard, federal relief is precluded "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Analysis of ineffective assistance claims begins with the well-known test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires that a petitioner show that his counsel's performance was deficient and that the deficiency resulted in prejudice to the defense. But when § 2254(d) applies, the ultimate question is not whether counsel was ineffective under *Strickland*. Rather, the reviewing court must ask "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Brown complains that his right to a speedy trial was violated and that his attorney's failure to inform him of his right to a speedy trial and to seek dismissal on this basis constituted ineffective assistance of counsel. An analysis of Brown's ineffective

3

assistance claim requires a consideration of whether either of these rights was violated in his case. The relevant chronology of events is as follows:

| | |
|---|---|
| July 30, 2015 | Date of the offense. |
| August 14, 2015 | Brown was taken into custody in Abilene, Texas. [8-3] at 8. |
| January 21, 2016 | Indictment. [8-1] at 5. |
| February 16, 2016 | Arraignment. Bond set and counsel appointed. Trial set for June 6, 2016. [8-1] at 6, 7. |
| February 19, 2016 | Defense counsel filed a demand for a speedy trial. [8-1] at 8. |
| April 25, 2016 | Agreed order continuing trial to August 8, 2016. [8-1] at 15. |
| August 8, 2016 | Trial |

A criminal defendant in Mississippi has three potential sources of the right to a speedy trial: The Sixth Amendment to the U.S. Constitution, Art. 3, § 26 of the Mississippi Constitution, and Miss. Code Ann. § 99-17-1. The statutory right is inapplicable in this case, as the 174 days between Brown's arraignment and trial does not meet the statute's 270-day threshold.[1] The state and federal constitutional rights are treated identically in Mississippi, with both being analyzed under the standards outlined by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972). *See, e.g.*, *Ben v. State*, 95 So.3d 1236, 1242-47 (Miss. 2012). In *Barker*, the Supreme Court identified four factors that govern this analysis: (1) the length of delay, (2) the reason for the

---

[1]The statute provides that, absent a showing of good cause and the granting of a continuance, a defendant is to be tried within 270 days of arraignment.

delay, (3) the accused's assertion of the right to a speedy trial, and (4) prejudice to the accused.  *Barker*, 47 U.S. at 530-33.   The right attaches at the earlier of arrest or indictment.  *Robinson v. Whitley*, 2 F.3d 562, 568 (5th Cir. 1993)) (citing Dillingham *v. United States*, 423 U.S. 64, 65 (1975). The *Barker* inquiry begins with examination of the length of time between attachment of the right and trial.  Only if the length of the delay meets a certain threshold does the analysis continue.    *Barker*, 407 at 530.  The length of delay is then considered as one factor along with the others in determining whether the right has been violated.  *Doggett v. United States*, 505 U.S. 647, 652 (1992).[2]

      In Mississippi, the threshold for triggering a full *Barker* analysis is a delay of eight months.  *State v. Woodall*, 801 So. 2d 678, 682 (Miss. 2001).  The length of delay in Brown's case meets this requirement, as nearly one year elapsed between the date Brown was taken into custody and the date of his trial.  However, in order to weigh heavily in the accused's favor, the length of delay, when considered as a factor, must persist for at least eighteen additional months. *Amos v. Thornton*, 646 F. 3d 199, 206 (5th Cir. 2011).  Thus, while the length of delay in Brown's case is sufficient to require consideration of the other factors, it weighs only slightly in Brown's favor.   As to the second factor, the reason for the delay, the record gives no explanation for the delay between Brown's arrest and arraignment.   This unexplained portion of the delay weighs against the state, but not heavily.  See *Goodrum v. Quarterman*, 547 F.3d 249, 258 (5th Cir. 2008).  The record does indicate, however, that the trial continuance was requested

---

[2] Thus, the first factor, length of delay, "performs a dual function" in the analysis.  *Nelsen v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993).

by defense counsel because he had only recently been appointed. [8-1] at 15. Even so, because the state bears the ultimate responsibility for bringing a defendant to trial, this factor weighs slightly in Brown's favor. The third factor, assertion of the right to a speedy trial, is neutral: Although Brown's attorney filed a demand for a speedy trial shortly after Brown's arraignment, [8-1] at 8, he subsequently sought a continuance, [8-1] at 15.

Because the first three factors do not weigh heavily in Brown's favor, and because the delay in his case was relatively short, Brown bears the burden under the final factor of demonstrating that he was prejudiced by the delay. *United States v. Bishop*, 629 F.3d 462, 465 (5th Cir. 2010). Prejudice is to be assessed in light of the interests protected by the right to a speedy trial: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused, and (3) limitation of the possibility of impairment of the defense. *Barker*, 407 at 532. The most serious of these interests is the last. *Id*. Brown has made no factual allegations as to any of these interests. Indeed, he has made no allegation of prejudice. Therefore, he has failed to meet his burden to show actual prejudice.

For these reasons, the undersigned concludes that Brown had no meritorious speedy trial claim. Thus, he cannot satisfy either prong of *Strickland*'s standard for ineffective assistance of counsel, and the state court's rejection of his *Strickland* claim was neither contrary to, nor did it involve an unreasonable application of, federal law as determined by the Supreme Court. No relief is warranted on Brown's ineffective assistance claim.

### III.  CONCLUSION

Brown has not shown that the state court's adjudication of his claim was contrary to, or involved unreasonable applications of, clearly established Supreme Court law or was based upon an unreasonable determination of the facts. Accordingly, the undersigned recommends that habeas relief be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R.  Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 12th day of August, 2019.

s/ F. Keith Ball  
United States Magistrate Judge
